People of the State of Illinois, Plaintiff-Appellee, v. Joe Nathan Jones, Defendant-Appellant.

Gen. No. 66–11.

Fifth District.

October 20, 1966.

James W. McRoberts, Jr., of East St. Louis, for appellant.

John M. Karns, Jr., State's Attorney, of Belleville, for appellee.

PER CURIAM.

Defendant filed pro se, and this court allowed, a petition for leave to appeal from the judgment of the Circuit Court of St. Clair County entered upon defendant's plea of guilty to the offense of theft of property having a value

exceeding One Hundred Fifty ($150) Dollars. (C 38, sec 16–1, Ill Rev Stats 1965).

Upon allowance of the petition, the court appointed counsel to represent the defendant. Counsel was advised by the defendant that defendant was of the opinion that the indictment charging the offense was fatally defective. Defendant also contends that some unspecified irregularity in connection with his arrest nullifies the charges and renders invalid this proceeding.

Appointed counsel has filed a motion for leave to withdraw and in support thereof has filed an affidavit stating that he has examined the trial court record and the authorities pertinent to the matters of which defendant complains, and finds no grounds for reversal.

We have examined the indictment, and in view of the holdings of People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, and People v. Graves, 331 Ill 268, 162 NE 839, defendant's contentions as to sufficiency of the indictment are wholly without merit. As to the circumstances surrounding defendant's arrest, defendant's testimony during the hearing on mitigation and aggravation shows that he was apprehended while loading the stolen property into a truck. Nothing appears of record which indicates that the arrest was in any manner violative of the provisions of article 107 of the Code of Criminal Procedure of 1963. (C 38, article 107, Ill Rev Stats 1965).

The transcript of proceedings in the trial court shows that on March 18, 1965, defendant appeared for arraignment, was given a copy of the indictment with a list of witnesses endorsed thereon, and a list of witnesses before whom he allegedly made an oral statement regarding his participation in the crime. Defendant advised the court that he expected to employ counsel, but the court nevertheless appointed counsel, and instructed the defendant that if he succeeded in employment of counsel to so inform the appointed attorneys, who would then be per-

21

mitted to withdraw. The defendant entered a plea of not guilty and the case was set for trial.

On the trial date, defendant appeared with employed counsel, withdrew his plea of not guilty and entered a plea of guilty. The transcript shows that defendant acknowledged that his attorney had advised him of his rights and the consequences of the plea of guilty. The court advised him that he was entitled to representation by counsel, to trial by jury, confrontation by the witnesses, and that he could be convicted only upon the unanimous verdict of twelve jurors. The court further advised him that he could be sentenced to the Illinois State Penitentiary for a term of not less than one nor more than ten years, and that the court could fix the minimum and maximum terms. After this admonition, defendant persisted in his plea of guilty, and the court, after adjudging him guilty of the offense charged, fixed a date for hearing testimony in aggravation and mitigation.

Under the circumstances presented in this record, the court will allow counsel's motion for leave to withdraw. The court will not burden other uncompensated counsel with a review of the record. The transcript of the proceedings shows that defendant, represented by employed counsel, after a full explanation of his constitutional rights, and cognizant of the penalty which might be imposed as the result of his plea of guilty, pleaded guilty and persisted in the plea. Upon examination of the evidence offered in aggravation and mitigation, we conclude that the sentence imposed is not unduly severe.

The court thanks appointed counsel for the excellent review of the record and the citation of the pertinent authorities. Counsel is given leave to withdraw and the judgment of the circuit court is affirmed.

Judgment affirmed.