(No. 40376.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOE NATHAN JONES, Appellant.

*Opinion filed November 30, 1967.*

JOE NATHAN JONES, *pro se.*

Mr. JUSTICE HOUSE delivered the opinion of the court:

We have granted defendant's petition for leave to appeal from the decision of the Appellate Court, Fifth District, affirming his conviction for theft (76 Ill. App. 2d 20), in order to determine whether that court properly permitted defendant's appointed appellate counsel to withdraw from the case.

In the recent case of *Anders* v. *State of California,* the Supreme Court stated, "* * * if counsel finds his [defendant's] case to be wholly frivolous, after a conscientious examination of it, he [counsel] should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." 386 U.S. 738, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400.

Pursuant to the *Anders* decision, an attorney seeking to withdraw from a case because he has decided the appeal is without merit must file a supporting brief or memorandum analyzing the case legally, citing record references to the transcript and any cases upon which he relies in arriving at his ultimate conclusion. The memorandum or brief of counsel's investigation and evaluation of the appeal should cover not only points his client has raised, or wishes to raise, but in addition "anything in the record that might arguably support the appeal."

Defendant's counsel did, as a part of his motion for leave to withdraw as counsel, recite the essential facts of the case, list the points defendant wanted to raise and cite cases in support of his conclusion that there was no merit to the points raised. The Appellate Court reviewed the entire record and, in deciding the case on its merits, agreed with appointed counsel that there was no merit to the issues raised.

The motion filed by appointed counsel and the Appellate Court decision were both prior to *Anders.* Nevertheless,

both counsel and the court substantially complied with *Anders*. The motion counsel filed covered the issues defendant raised and it is implicit both in his motion and in the opinion of the Appellate Court that there was nothing which might arguably support an appeal.

The transcript of proceedings is only 12 pages in length. At the arraignment on March 18 defendant pleaded not guilty and stated he was represented by counsel. The court appointed two public defenders to represent him pending the entry of appearance by his retained counsel. On March 30 defendant appeared with his retained counsel, who said defendant wanted to withdraw his plea of not guilty and enter a plea of guilty. The court admonished defendant of his rights and of the possible consequences of his plea, but defendant persisted in his plea and the court found him guilty. On April 6 the court held a hearing in aggravation and mitigation prior to sentencing defendant. At the hearing defendant, on questions from his counsel, said he was 30 years old, that he was a drug addict and had been using drugs since he was 15 or 16 years old, that he used $60 to $80 worth of drugs a day and that he was supporting his habit by stealing. After the court said it wanted to know the circumstances of the present theft, defendant told in some detail how he and a companion had gone to a railroad yard in a truck and were in the process of loading brass from a railroad car onto the truck when they were arrested.

Although defendant's appellate counsel did not comment on any points other than those raised by defendant or state that in his judgment there was nothing that would arguably support the appeal, our examination convinces us there is nothing in the record that might arguably support the appeal. Nor, do we think it is material under the circumstances that defendant was not furnished a copy of his counsel's evaluation of his appeal and given time to raise any points he might choose. The Appellate Court properly decided the issues before it. On this appeal defendant has

raised the further point that he was not advised of his right to counsel before making an oral statement. The short answer is that the oral statement was not used by the prosecution, nor does defendant contend or even suggest that he pleaded guilty because he thought the prosecution might use the statement. Furthermore, there is no doubt that the confession during the hearing on aggravation and mitigation was voluntary. (See *People* v. *Myers,* 35 Ill.2d 311.) The only real deviation from the requirements of *Anders* is that the record fails to show that a copy of counsel's evaluation of the appeal was furnished to defendant and defendant allowed time to raise any further points he might choose before his counsel was allowed to withdraw. Since we have granted defendant's petition for leave to appeal and reviewed on the merits the additional point he chose to raise, the deviation noted is now without significance.

The record shows defendant knowingly, understandingly and voluntarily pleaded guilty and he does not contend otherwise on this appeal. The judgment of the Appellate Court, Fifth District, is accordingly affirmed.

*Judgment affirmed.*