No. 2-19-0466
Summary Order filed March 30, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(c)(2) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-2486 |
| RAUL HERNANDEZ-GONZALEZ, | ) ) ) | Honorable John S. Lowry, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Brennan concurred in the judgment.

**SUMMARY ORDER**

¶ 1     Following a jury trial, defendant, Raul Hernandez-Gonzalez, was convicted of five counts of criminal sexual assault of a family member under the age of 18 (720 ILCS 5/11-1.20(a)(3) (West 2016)).  The trial court sentenced him to five consecutive five-year sentences.  Defendant appealed, and the Office of the State Appellate Defender was appointed.

¶ 2     Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel.  In her motion, counsel states that she read the record and found no issue of arguable merit.  Counsel further states that she advised defendant of her opinion.  Counsel supports her motion with a memorandum of law providing a

statement of facts and an argument why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant filed a response stating that he does not object to counsel withdrawing but that he requests the appointment of new counsel. He does not respond substantively to counsel's contentions.

¶ 3    Counsel identifies six potential issues and concludes that none has arguable merit. We agree. Counsel first asserts that it would be frivolous to challenge the trial court's denial of his motion to suppress oral and written statements he made to police on the night of the arrest. In those statements, defendant admitted to having sex with the victim, M.N.

¶ 4    At the hearing on the motion, defendant testified that he did not remember being brought to the police station, being questioned, or signing any documents. He claimed that his memory loss was due to a bout of heavy drinking with friends. However, two police officers testified that they did not suspect that defendant was under the influence of drugs or alcohol. They did not smell alcohol on defendant, he exhibited none of the traditional signs of intoxication, he remained awake and alert, and he answered questions appropriately. Defendant was given *Miranda* warnings.

¶ 5    The trial court also viewed the video recording of the interview. The court commented that defendant appeared disheveled during the interview. Defendant mumbled, but the court attributed this to a reluctance to speak rather than to intoxication. The court found no "level of intoxication that would interfere with the voluntariness of the waiver of *Miranda*" or that would overbear defendant's will. Accordingly, the trial court denied the motion to suppress.

¶ 6    In reviewing a ruling on a suppression motion, we defer to the trial court's factual findings, reversing them only if they are against the manifest weight of the evidence. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). In light of the testimony at the hearing, and our own review of the video recording, we have no basis to disturb the trial court's findings.

¶ 7    Counsel next suggests that it would be frivolous to argue that defendant was not proved guilty beyond a reasonable doubt. M.N. testified that she lived with her mother and defendant, her mother's boyfriend. She testified clearly and in detail about how defendant sexually assaulted her on numerous occasions. She testified that, on July 4, 2017, she told her mother about the abuse because she feared she was pregnant.

¶ 8    Sharon Krueger, a nurse practitioner who examined M.N., testified that M.N. told her about the abuse defendant inflicted on her. The trial court admitted defendant's statement to police, in which he confessed to having sex with M.N.

¶ 9    Defendant testified at trial and denied abusing M.N. He testified that he argued with M.N.'s mother on July 4, 2017. He was "bothered" by the argument and asked her "if she would marry [him] or [if] she was just using [him]." He left the house that day and moved in with his brother in McHenry. He again testified that he was intoxicated on the day he allegedly gave a statement to police. In closing argument, defense counsel suggested that the allegations of sexual assault were fabricated because M.N.'s mother was upset with defendant for moving out of the house.

¶ 10    In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and determine whether "any rational trier of fact could have found the required elements beyond a reasonable doubt." *People v. Newton*, 2018 IL 122958, ¶ 24. This standard recognizes that it is the trier of fact's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *People v. Brown*, 2013 IL 114196, ¶ 48. We do not retry the defendant. *Newton*, 2018 IL 122958, ¶ 24. Thus, we will overturn a conviction only where "the evidence is so unreasonable, improbable, or unsatisfactory" that guilt is not proven beyond a reasonable doubt. *Id.* Despite defendant's contrary testimony, it

was reasonable for the jury to credit the testimony of M.N. and the other State witnesses and to reject defendant's improbable and self-serving account.

¶ 11    Counsel next suggests that it would be frivolous to contend that the trial court did not comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012).  The rule requires the trial court to question prospective jurors about four core principles concerning the presumption of innocence, the prosecution's burden of proof, and the defendant's right not to testify or present evidence.  See *People v. Zehr*, 103 Ill. 2d 472, 476 (1984).  Here, the court gave all four principles at once, then asked each juror whether he or she understood and accepted those principles. Defendant did not object to this procedure, thus forfeiting any claim on appeal.  However, the plain-error doctrine allows a reviewing court to reach a forfeited claim where (1) "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence."  *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 12    In *People v. Hartfield,* 2020 IL App (4th) 170787, the Fourth District held that it was not "clear or obvious error," if error at all, for the trial court to "lump[] together" the *Zehr* principles, as in this case.  *Id. ¶* 59 (citing *People v. Willhite*, 399 Ill. App. 3d 1191, 1196-97 (2010)).  The court found that "[n]othing in the text of Rule 431(b) clearly requires delivering the admonitions piecemeal with the inquiries interspersed."  *Id.*  Counsel acknowledges that *Hartfield* recognized the existence of contrary authority, particularly *People v. Othman*, 2019 IL App (1st) 150823. There, the court held that Rule 431(b) requires a trial court to ask "eight simple questions": for each of the four principles, the trial court must recite the principle and then immediately ask the

prospective jurors whether they understand it and whether they agree with it. *Id.* ¶ 60. The trial court in *Othman* conflated the first and third questions, did not ask the prospective jurors if they understood the first principle, and did not ask if they accepted the second principle. Nor did it ask the prospective jurors if they understood the fourth principle. Thus, the trial court's error went well beyond merely "lumping together" the four principles. Moreover, the cumulative effect of numerous other errors, including the admission of improper and prejudicial testimony, an "erroneous and highly confusing jury instruction," and ineffective assistance of counsel, as well as the "problematic" *Zehr* questioning, led the court to reverse the defendant's conviction. *Id.* ¶ 75. Nothing in *Othman* indicates that the court would have reversed on the *Zehr* issue alone. Indeed, the First District had previously held that combining two or more of the *Zehr* principles was not error or, in any event, was not reversible error. *People v. Davis*, 405 Ill. App. 3d 585, 589 (2010).

¶ 13 We note that the supreme court has granted leave to appeal in both *Othman* and *Hartfield,* perhaps to settle this precise question. We need not await the supreme court's decision or take a position on the conflict (if indeed the conflict is real) ourselves. We agree with counsel that if the court's failure to ask the jurors about each individual *Zehr* principle was error, it was not plain error. The evidence was not closely balanced.

¶ 14 M.N. testified in detail about how defendant abused her. As defendant was her mother's boyfriend and lived with the family, there was no question of identification. Defendant confided in a school counselor who made a report to DCFS. As a result of the report, defendant was arrested. Defendant admitted to the police that he had sexual contact with M.N. Thus, the evidence of defendant's guilt was overwhelming, such that any failure to comply with Rule 431 did not "tip the scales of justice" against defendant. See *Piatkowski*, 225 Ill. 2d at 565.

¶ 15    Counsel next suggests that it would be frivolous to argue that the trial court abused its discretion in its evidentiary rulings.  It is within the trial court's discretion to determine the relevance and admissibility of evidence, and we will not reverse such rulings absent an abuse of discretion.  *People v. Tapley*, 2020 IL App (2d) 190137, ¶ 88.

¶ 16    Counsel specifically identifies two such rulings as potential appellate issues.  First, the court admitted a school photograph of M.N. when she was in the seventh grade, about the time when the abuse began.  Second, the court admitted a medical intake form from the county jail.  Given the overwhelming evidence of defendant's guilt, any error in the admission of these items was harmless beyond a reasonable doubt.

¶ 17    Counsel argues that there is no potential merit in challenging the way the trial court handled defendant's *pro se* allegations that counsel was ineffective.  When a defendant makes such a claim, the trial court should examine the claim's factual basis.  *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003) (citing *People v. Krankel*, 102 Ill. 2d 181 (1984)).  If the court finds that the claim lacks merit or pertains only to trial strategy, the court need not appoint new counsel and may deny the motion. *Id.* at 78.  During this evaluation, some interchange between the trial court and trial counsel regarding the allegedly ineffective representation is usually required, but trial counsel may simply answer questions and explain the circumstances surrounding the defendant's allegations.  *Id.*

¶ 18    Here, the court conducted a proper *Krankel* inquiry.  The court questioned defense counsel about each of defendant's allegations.  The court properly found that counsel's decisions were either proper or fell within reasonable trial strategy.  For example, defendant complained that counsel was ineffective for not playing for the jury the recording of defendant's police interview.  Defendant contended that it would show that he was too intoxicated to answer the officers' questions.  Counsel explained that he discussed this issue with defendant and told him that, because

defendant made damaging admissions on the video, it would do him more harm than good. The court found that, because defendant made damaging admissions on the video and any alcohol impairment did not affect his ability to answer questions, the decision not to introduce the video was a sound trial strategy.

¶ 19    Finally, counsel asserts that it would be frivolous to argue that defendant's sentences were an abuse of discretion. See *People v. Neal*, 2020 IL App (2d) 170356, ¶ 54 (the reviewing court will not disturb a sentence within the applicable sentencing range unless the trial court abused its discretion). Defendant was convicted of five Class 1 felonies, each having a sentencing range of 4 to 15 years' imprisonment. 730 ILCS 5/5-4.5-30(a) (West 2016). Thus, defendant's sentence on each count was only one year above the minimum. In sentencing defendant, the court noted that defendant committed at least one of the offenses while M.N. was essentially incapacitated following surgery and that defendant stood in a position of trust and responsibility toward M.N. given that he was the household's primary breadwinner. Defendant had also attempted to contact M.N. and her mother despite an order of protection against him. In light of these factors, his one-year-above-minimum sentences on each count were not an abuse of discretion.

¶ 20    After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw. Defendant is not entitled to the appointment of new counsel. We affirm the judgment of the circuit court of Winnebago County.

¶ 21    Affirmed.