2024 IL App (2d) 230226-U
No. 2-23-0226
Order filed April 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-1689 |
| DARIELN A. MORAN SANCHEZ, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We agree with appellate counsel that there is no potentially meritorious basis for appeal. Therefore, we grant counsel's motion to withdraw, and we affirm the trial court.

¶ 2   Defendant, Darieln A. Moran Sanchez, appeals from the judgment of the circuit court of Kane County finding him guilty of drug offenses. The Office of the State Appellate Defender has moved to withdraw, claiming that defendant has no potentially meritorious basis for appeal. We grant the appellate defender's motion to withdraw, and we affirm.

¶ 3                              I. BACKGROUND

¶ 4    Following a bench trial, defendant was found guilty of one count of unlawful possession with intent to deliver 400 grams or more, but less than 900 grams, of a substance containing methamphetamine (720 ILCS 646/55(a)(2)(E) (West 2020)) and one count of unlawful possession with intent to deliver 900 grams or more of a substance containing cocaine (720 ILCS 570/401(a)(2)(D) (West 2020)).

¶ 5    At trial, the State presented evidence that on September 5, 2020, a DEA agent was conducting surveillance on defendant.  He observed defendant, Nancy Navejas, and two children leave a hotel in Carol Stream and drive off in a white Ford Explorer.  The agent followed the vehicle onto Interstate 90, where other law enforcement officers pulled it over.  The vehicle was searched, and a written lease for residential property was found in the glove compartment.  The lease named Felipe Ocampo as landlord and defendant and Navejas as tenants.  The glove compartment also contained a utility bill in defendant's and Navejas's names for the leased property.  A brick-shaped object wrapped in duct tape and a sealed baggie containing what appeared to be methamphetamine were recovered from under the third-row seat, which had been folded down to increase the storage capacity of the rear cargo compartment.  It was stipulated that the brick contained 1005 grams of a substance containing cocaine and that the sealed baggie contained 446.8 grams of a substance containing methamphetamine.

¶ 6    Roberto Gutierrez testified that on September 5, 2020, he was a sergeant with the Illinois State Police and was assigned to the interdiction unit.  He was raised in a household where both parents spoke Spanish, and he was fluent in that language, having spoken it his whole life.  Over the past 20 years in law enforcement, he conducted hundreds of Spanish interviews with suspects and witnesses.  Gutierrez testified that he interviewed defendant in Spanish in the presence of other law enforcement officers.  Defendant admitted that he was aware that there was methamphetamine

and cocaine in the Explorer. Defendant also indicated that he had paid someone for the use of the Explorer. Defendant said that he had met with Ocampo, who put the drugs in the vehicle. Defendant planned to take the drugs to his home in Minnesota, where someone would retrieve them and pay defendant $1500. During the interview, Gutierrez submitted written questions to defendant in Spanish, and defendant provided written answers in Spanish. Gutierrez translated the questions and answers, which contained admissions similar to those defendant made during the interview. Defendant also prepared a brief written statement in Spanish.

¶ 7 Derek Cowan testified that he was a master sergeant with the Illinois State Police and was director of the North Central Narcotics Task Force. Cowan joined the task force in 2014. He had received training in narcotics investigations and had participated in over 1000 such investigations during his career. Cowan testified that he was familiar with the street value of various drugs. The trial court qualified Cowan as "an expert in the area of narcotics detection and transactions." Cowan testified that, in his opinion, the drugs recovered from the Ford Explorer were packaged for distribution.

¶ 8 Based on this evidence, the trial court found defendant guilty of the offenses described above. The court sentenced defendant to concurrent prison terms of 17 years for possession of cocaine with intent to deliver and 12 years for possession of methamphetamine with intent to deliver. Defendant filed a timely notice of appeal, and the trial court appointed the appellate defender to represent him.

¶ 9                                    II. ANALYSIS

¶ 10 Per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel. In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant

of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts and an argument as to why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. That time has passed, and defendant has not responded.

¶ 11     Counsel indicates that she considered the following five issues for appeal: (1) whether defendant validly waived his right to a jury trial, (2) whether the State laid a proper foundation for Cowan's testimony as an expert in the field of narcotics detection and transactions, (3) whether the trial court erred in accepting Gutierrez's testimony concerning his ability to translate defendant's inculpatory statements, (4) whether the evidence was sufficient to sustain defendant's convictions, and (5) whether the trial court abused its discretion in sentencing defendant to concurrent prison terms of 12 years for possession of methamphetamine with intent to deliver and 17 years for possession of cocaine with intent to deliver. However, counsel concludes that none of these issues has arguable merit. We agree.

¶ 12     First, we consider whether defendant validly waived his right to a jury trial. The controlling legal principles are as follows:

> " 'The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions.' [Citations.] Nevertheless, a defendant can waive his right to a jury trial, but for a waiver to be valid, it must be knowingly and voluntarily made. [Citations.] Under section 115-1 of the Code of Criminal Procedure of 1963, a jury waiver must be in writing. [Citation.]
>
> The trial court has a duty to ensure that the defendant waived his right to a jury trial 'expressly and understandingly.' [Citation.] 'However, a trial court need not give any specific admonition or advice for a defendant to make an effective jury waiver.' [Citation.]

'Whether a jury waiver is valid cannot be determined by application of a precise formula, but rather turns on the particular facts and circumstances of each case.' [Citation.] The statutory requirement for a written jury waiver does not 'define or give substance to the constitutional right to choose whether to have a jury trial. Rather, a written jury waiver merely memorializes the defendant's decision, allowing a court to review the record to ascertain whether a defendant's jury waiver was made understandingly.' [Citation.]"

*People v. Maxey*, 2018 IL App (1st) 130698-B, ¶¶ 106-07.

¶ 13 Here, defendant signed a jury waiver written in Spanish. At a hearing at which he had the assistance of an interpreter, defendant confirmed that he understood the difference between a bench trial and a jury trial and that he was giving up the right to have a jury determine his guilt or innocence. He also confirmed that he was not under the effects of drugs or alcohol and that no threats or promises had been made to induce him to waive his right to a jury. Therefore, we find no arguably meritorious basis for challenging defendant's jury waiver.

¶ 14 Second, we consider whether the State laid a proper foundation for Cowan's testimony as an expert in narcotics detection and transactions. As we have recently observed:

"Generally, a witness may testify as an expert if he or she possesses 'experience and qualifications [that] afford him [or her] knowledge that is not common to laypersons.' [Citation.] *** There is no 'predetermined formula' specifying how an expert acquires the knowledge that renders him or her an expert. (Internal quotation marks omitted.) [Citation.] Such knowledge may be acquired through study, practical experience, training, education, or research. [Citation.] Any weakness in the basis of an expert's opinion goes to the weight of the testimony; it should not affect its admissibility if the facts, data, or opinions are reasonably relied upon by experts in the relevant field. [Citation.] The

decision to admit expert testimony is a matter within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. [Citation.] An abuse of discretion occurs only if no reasonable person could agree with the trial court. [Citation.]" *People v. Harris*, 2023 IL App (2d) 210697, ¶ 34.

¶ 15 Cowan's testimony established that he had extensive training and experience in narcotics investigations. There is no arguably meritorious basis for challenging the trial court's decision to qualify him as an expert witness.

¶ 16 Third, we consider whether the trial court erred in accepting Gutierrez's testimony concerning his ability to translate defendant's inculpatory statements. We note that an individual is qualified to serve as an interpreter for a defendant at trial if the defendant can understand that individual and the individual can understand the defendant. 725 ILCS 140/1 (West 2022). We see no reason why a more stringent standard should apply to a witness's translation of a defendant's out-of-court statements. Gutierrez testified that he was fluent in Spanish, having spoken it his whole life, and had conducted hundreds of interviews in Spanish. He testified that he had no trouble understanding defendant. Likewise, defendant's written answers to Gutierrez's written questions suggest that defendant had no difficulty understanding Gutierrez. Accordingly, there is no potentially meritorious basis for arguing that the trial court erred in accepting Gutierrez's testimony about his ability to translate defendant's statements.

¶ 17 Fourth, we consider whether the evidence was sufficient to sustain defendant's convictions. In reviewing a challenge to the sufficiency of the evidence in a criminal proceeding, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson*

*v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, "a reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of evidence or the credibility of witnesses." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009). Here, the State was required to prove that defendant (1) knowingly possessed (2) with intent to deliver (3) 400 grams or more, but less than 900 grams, of a substance containing methamphetamine and 900 grams or more of a substance containing cocaine. See 720 ILCS 646/55(a)(2)(E) (West 2020); 720 ILCS 570/401(a)(2)(D) (West 2020).

¶ 18    It is well established that

> "[c]ontrolled substances discovered on premises, or in a vehicle, under the defendant's control and in a place where he could have been, or should have been, aware of them give rise to an inference of knowledge and possession by [the] defendant which may be sufficient to sustain a conviction for unlawful possession of controlled substances." *People v. Eiland*, 217 Ill. App. 3d 250, 261 (1991).

Here, substances stipulated to be methamphetamine and cocaine were found under defendant's control, beneath a seat that had been folded down to enlarge the rear cargo compartment. Based on the location of the illicit substances, defendant should have been aware of their presence in the vehicle. In any event, defendant admitted that he knew that Ocampo put the drugs in the vehicle. Moreover, not only did Cowan testify that the drugs were packaged to distribute, but defendant admitted that he planned to take the drugs to Minnesota, where someone would retrieve them and pay him $1500. This was sufficient evidence of intent to deliver. Finally, the quantity of the drugs was stipulated: the methamphetamine weighed 446.8 grams, and the cocaine weighed 1005 grams. Thus, there is no arguably meritorious basis for challenging the sufficiency of the evidence.

¶ 19    Fifth, we consider whether the trial court abused its discretion in sentencing defendant to concurrent prison terms of 12 years for possession of methamphetamine with intent to deliver and 17 years for possession of cocaine with intent to deliver. As we have recently observed:

> "We review for an abuse of discretion a trial court's sentencing decision. [Citation.] The sentencing court has wide latitude in imposing a sentence, so long as it does not ignore relevant mitigating factors or consider improper aggravating factors. [Citation.] We accord 'great deference to a sentence within the appropriate sentencing range.' [Citation.] However, we will find that a court abused its discretion, even if the sentence imposed is within the statutory range, if the sentence does not reflect adequate consideration of relevant mitigating factors or the constitutionally mandated objective of rehabilitation, or if it is highly disproportionate to the offense and greatly diverges from the spirit and purpose of the law. [Citation.] *** We may not substitute our judgment for that of the sentencing court simply because we would have weighed the factors differently [Citation.]" *People v. Cavazos*, 2023 IL App (2d) 220066, ¶ 73.

¶ 20    Here, the record does not show that the trial court ignored any proper factors or considered any improper ones. Unlawful possession with intent to deliver 400 grams or more, but less than 900 grams, of methamphetamine is punishable by a prison term of not less than 12 years and not more than 50 years. 720 ILCS 646/55(a)(2)(E) (West 2020). Defendant received the minimum sentence. Unlawful possession with intent to deliver 900 grams or more of cocaine is punishable by a prison term of not less than 15 years and not more than 60 years. 720 ILCS 570/401(a)(2)(D) (West 2020). Defendant's sentence of 17 years was only 2 years above the minimum and was 43 years below the maximum. Thus, there is no arguably meritorious basis for claiming that the trial court abused its discretion in imposing these sentences.

¶ 21                                    III. CONCLUSION

¶ 22     After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit.  Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 23     Affirmed.