2019 IL App (3d) 170374

Opinion filed July 10, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0374 Circuit No. 16-CF-767 |
| ERIC D. WALKER, | ) ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Carter and Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Eric D. Walker, pled guilty to aggravated battery and was subsequently sentenced to a term of three years' imprisonment. He filed a *pro se* postconviction petition alleging, *inter alia*, that defense counsel had been ineffective for failing to share and discuss discovery documents with him. The trial court dismissed the petition as frivolous and patently without merit. On appeal, defendant argues that the dismissal was erroneous. We affirm.

¶ 2                                I. BACKGROUND

¶ 3        On April 14, 2016, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2016)). The indictment alleged that "defendant cut Jamella Martinez about the

body with a knife." The aggravated battery charge was given case No. 16-CF-767. The State would later amend the indictment, removing all references to a knife and instead alleging that defendant "struck" Martinez about the body "while on a public place of accommodation." See *id.* § 12-3.05(c).

¶ 4    On April 27, 2016, the State charged defendant with burglary (*id.* § 19-1(a)-(b)). The indictment alleged that on February 15, 2016, defendant "knowingly entered a motor vehicle of Timothy Kable *** with the intent to commit therein a theft." That charge was labeled case No. 16-CF-864. The State amended this indictment as well, charging defendant instead with attempted burglary. See *id.* §§ 8-4, 19-1(a)-(b).

¶ 5    Defendant pled guilty to both charges at a single proceeding on September 29, 2016. As a factual basis for the aggravated battery charge, the State averred that defendant engaged in an argument with a number of people while at Fenton's Motel and struck Martinez about the body. With respect to the attempted burglary charge, the State averred that defendant could be seen on surveillance video reaching into a vehicle that did not belong to him in the parking lot of a restaurant. The court accepted the plea and sentenced defendant to a term of three years' imprisonment for aggravated battery, to be served concurrently with the attempted burglary sentence imposed in case No. 16-CF-864.

¶ 6    On March 17, 2017, defendant filed a *pro se* postconviction petition. The petition raised numerous claims, many of which related to the representation defendant had received. In the petition, defendant alleged that his attorney, an assistant public defender, conspired against him with the State and intentionally misled and misrepresented him. Defendant also accused counsel of failing to file the motions he requested, failing to seek additional discovery, and refusing to speak to his witnesses.

¶ 7    Most relevant to the present appeal, defendant alleged that counsel refused "to allow the defendant to review the discovery and evidence against defendant." He also alleged that counsel failed to communicate with him. Defendant concluded: "had Defendant known all that [*sic*] facts and information and discovery information among other things before Defendant [pled] guilty Defendant would not have [pled] guilty to any of these charges."

¶ 8    Defendant alleged in his petition that on December 19, 2016, he received a number of partially redacted police reports relating to both of his cases. He alleged that upon reading those reports he learned that counsel "had been lying to the defendant all the time" and had induced him to plead guilty when she "knew that they had absolutely no evidence to support the allegations made against the defendant." Defendant asserted that he had seen only a surveillance video and a police report in case No. 16-CF-864 and had seen no discovery materials in case No. 16-CF-767. Defendant alleged that counsel told him the police had a cell phone in evidence in the attempted burglary case but that he later learned that was not true.

¶ 9    Defendant attached more than 100 pages of exhibits to his petition. These exhibits include a number of redacted police reports, largely relating to the attempted burglary case. Only one single-page report references the aggravated battery case. That report indicates that a female subject had been stabbed in her eye and a suspect had been found at Fenton's Motel. Reports relating to the attempted burglary indicate that the incident was not reported to the police until February 22, 2016, after an altercation between defendant and Kable. Kable had accused defendant of taking a cell phone from his truck on February 15. Kable claimed to have a video depicting defendant taking the phone. Many of the exhibits attached to the petition are letters written by defendant to other parties, including counsel and the trial judge.

¶ 10        Defendant's postconviction petition, as is evident from the above summary, related to both his aggravated battery and attempted burglary convictions. A substantively similar postconviction petition was filed in case No. 16-CF-864. On May 25, 2017, the trial court summarily dismissed both petitions in a single order. On June 8, 2017, defendant filed separate notices of appeal in each case.

¶ 11                                              II. ANALYSIS

¶ 12        On appeal, defendant argues that his petition presented an arguable constitutional claim of ineffective assistance of counsel due to counsel's failure to show and discuss discovery materials with him. Accordingly, he argues that the trial court erred in dismissing his petition at the first stage. We review the trial court's summary dismissal of defendant's *pro se* postconviction petition *de novo*. *People v. Brown*, 236 Ill. 2d 175, 184 (2010).

¶ 13        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim in order for his petition to be forwarded to the second stage. *Hodges*, 234 Ill. 2d at 9. The Act also requires that a defendant attach evidence supporting his allegations or explain why such evidence is not attached. 725 ILCS 5/122-2 (West 2016). "[A] defendant's failure to either (1) attach 'the necessary "affidavits, records, or other evidence" ' supporting the petition['s] allegations or (2) explain their absence will itself justify the petition's summary dismissal." *People v. Harris*, 366 Ill. App.

3d 1161, 1167 (2006) (quoting *People v. Collins*, 202 Ill. 2d 59, 66 (2002), quoting 725 ILCS 5/122-2 (West 2000)).

¶ 14   The first stage of postconviction proceedings "presents a 'low threshold' [citation], requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *Brown*, 236 Ill. 2d at 184 (quoting *People v. Jones*, 211 Ill. 2d 140, 144 (2004)). The trial court must summarily dismiss a postconviction petition at the first stage of proceedings if the petition is frivolous or patently without merit. *Id.* A petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 15   To ultimately prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was objectively unreasonable and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In determining whether counsel's performance was unreasonable, there is a "strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not of incompetence." *People v. Coleman*, 183 Ill. 2d 366, 397 (1998). Of course, a defendant need not outright prove ineffective assistance at the first stage of postconviction proceedings. At this stage, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 16   The State posits that a defendant has no independent right to review discovery materials and that counsel's refusal to allow a defendant to review those materials may not provide the

basis for an ineffectiveness claim. In support, the State cites a pair of cases from the Fourth District, *People v. Savage*, 361 Ill. App. 3d 750 (2005), and *People v. Davison*, 292 Ill. App. 3d 981 (1997). In *Savage*, the court wrote: "[A] defendant does not have a constitutional right to read discovery materials and an attorney's decision as to whether to provide his or her client with such materials is a matter of trial strategy and is within counsel's discretion." *Savage*, 361 Ill. App. 3d at 757. In *Davison*, the court listed a number of reasons that counsel might wish to restrict a defendant's access to discovery materials. *Davison*, 292 Ill. App. 3d at 989.

¶ 17 Defendant, in turn, argues that counsel must have a duty to disclose or discuss at least certain discovery materials. Defendant implicitly concedes that counsel does not have a duty to show a defendant *all* discovery materials but insists that counsel must nevertheless show a defendant—or at least discuss with a defendant—evidence that is particularly relevant to the decision to plead guilty.

¶ 18 In essence, both parties are correct. Decisions regarding which items received in discovery that a defense attorney chooses to share with or discuss with his or her client is a matter of trial strategy. *Savage*, 361 Ill. App. 3d at 757. As such, that decision is afforded a strong presumption that it was the product of sound trial strategy rather than incompetence. *Coleman*, 183 Ill. 2d at 397. That presumption, however, is rebuttable. *People v. Peterson*, 2017 IL 120331, ¶ 80 ("[T]he strong presumption that counsel's strategy was sound may be overcome where counsel's decisions appear to be so irrational that no reasonably effective defense attorney in similar circumstances would pursue such a strategy."). In the present context, a defendant may be able to rebut that presumption by showing that counsel withheld discovery information that cast doubt on the State's ability to prove him guilty or was otherwise particularly relevant to his decision to plead guilty.

¶ 19    That was, in fact, one of the many theses of defendant's postconviction petition. He alleged that on December 19, 2016—nearly three months after his guilty plea—he received a number of police reports related to both of his convictions. According to defendant, after reading these reports, he learned that counsel had been untruthful regarding the State's case and the State actually "had absolutely no evidence to support the allegations made against" him.

¶ 20    With respect to his conviction for aggravated battery—the only conviction at issue in this appeal—however, defendant did not attach to his petition any documentation "supporting its allegations." 725 ILCS 5/122-2 (West 2016). While defendant did attach copious exhibits to his petition, only a single-page police report related to the aggravated battery conviction. That report was a brief summary of an attack on a female subject, fully consistent with the factual basis provided by the State at defendant's guilty plea hearing. The report actually serves to undermine defendant's claim that he would not have pled guilty had he seen the report, as it contains no information not already present in the record and thus already available to defendant. Relatedly, it provides no basis for arguing that counsel's purported decision not to disclose the report to defendant was unsound or unreasonable.

¶ 21    While defendant's documentation actually undermines his claim of ineffective assistance of counsel, no factual allegations in the petition serve to salvage the claim. Defendant did not allege what new information he learned from the police reports with respect to his aggravated battery conviction. He also failed to allege what information had been withheld from him by counsel. Neither the factual allegations in the petition nor the documents attached to the petition create a basis for arguing that counsel's performance fell below an objective standard of reasonableness. Accordingly, we find that the trial court properly dismissed defendant's petition at the first stage of proceedings.

## III. CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

---

**No. 3-17-0374**

---

| | |
|---|---|
| **Cite as:** | People v. Walker, 2019 IL App (3d) 170374 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 16-CF-767; the Hon. Daniel L. Kennedy, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Amber Hopkins-Reed, of State Appellate Defender's Office, of Ottawa, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---